**FILED**
VANESSA L. ARMSTRONG

JAN 2 8 2019

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                                          CRIMINAL NO. 3:19CR-8_DJH

BRANDON WOOD                                                      DEFENDANT

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, Brandon Wood, and his attorney, Steven C. Schroering, have agreed upon the following:

1.      Defendant agrees to waive Indictment by the grand jury and to plead guilty to a felony Information which has been filed against defendant by the United States Attorney for the Western District of Kentucky.  That Information will charge defendant with a violation of 18 U.S.C. § 2422(b).  The Information also seeks forfeiture, pursuant to 18 U.S.C. § 2428, of the right, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

2.      Defendant has read the charge against him contained in the Information, and the charge has been fully explained to him by his attorney.  Defendant fully understands the nature and elements of the crime with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to the charge in the Information. Defendant will plead guilty because he is in fact guilty of the charge.  The parties agree to the following factual basis for this plea:

Wood met John Doe 1 through the LMPD Explorers Program during a camp held in Bullitt County.  John Doe 1 was under the age of 18.  Wood was over the age of 18 and a counselor with the Explorers Program – and at the camp.

Between 2011 and 2012, while in Jefferson County, Kentucky, Wood used a facility and means of interstate commerce, that is, the Internet, to communicate with John Doe 1 – after the camp had concluded. Wood communicated with John Doe 1 *via* Facebook and other social media. During the course of the online communications, Wood attempted to persuade, induce and entice John Doe 1 to engage in sexual activity for which a person may be charged with a criminal offense. However, in-person sexual activity did not occur between the two until after John Doe 1 turned 18.

4.     Defendant understands that the charge to which he will plead guilty carries a minimum term of imprisonment of 10 years, a maximum term of life imprisonment, a maximum fine of $250,000.00, and supervised release of at least five years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charge to which he will plead guilty he may be ordered to forfeit, pursuant to 18 U.S.C. § 2428, all of the right, title, and interests in any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

5.     The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 U.S.C. §§ 901 et. seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide Information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with

2

these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below.  Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

        A.      If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial.  The trial could either be a jury trial or a trial by the judge sitting without a jury.  If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

        B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence in his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

        C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify.  If defendant desired to do so, he could testify in his own behalf.

8.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing.  Defendant admits all acts and essential elements of the Information count to which he pleads guilty.

9.      Defendant acknowledges that the crime to which he is pleading guilty is covered by the mandatory restitution provisions set out in 18 U.S.C. § 2259.  No requests for restitution have been filed at this point.  Should request(s) be received, the matter will be shared with the Court and defense.  The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.  All financial matters will be addressed at the time of sentencing.

10.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100.00 to the United States District Court Clerk's Office by the date of sentencing.

11.     At the time of sentencing, the parties will

-agree that a sentence of imprisonment of 5 years is the appropriate disposition of this case.

-agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]

12.     Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.  Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

13.     This Agreement is entered into by the United States on the basis of the express representation of defendant that he is making a full and complete disclosure of all assets over which he exercises control.

14.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed.  The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant Information.

15.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

16.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17.     Defendant agrees to interpose no objection to the United States transferring evidence or providing Information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession

of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

18.     Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

19.     If the Court refuses to accept this agreement and impose sentence in accordance with its terms, pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto.  The defendant will be allowed to withdraw the pleas of guilty.  And the United States will be relieved of its obligations under the agreement and may proceed with any and all charges supported by the facts and the law and, upon conviction, seek imposition of any sentence supported by the law and the facts.

20.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.  If Defendant argues for any sentence outside the parameters set forth in this Agreement, he is in breach of this Agreement.  Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

21.     This document and the Sealed Supplemental Plea Agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of

6

Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____          ___1/28/19_____
Jo E. Lawless                                                    Date
Assistant United States Attorney


I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____          ___1/28/19_____
Brandon Wood                                                Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          ___1-28-19_____
Steven C. Shroering                                      Date
Counsel for Defendant

RMC:JEL:190114