UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                                                          CRIMINAL NO. 3:19CR-8-DJH

BRANDON WOOD                                                          DEFENDANT

*Electronically filed*
**SENTENCING MEMORANDUM**

  Comes the United States of America, by counsel, Assistant United States Attorney Jo E. Lawless, and files its memorandum in support of sentencing in this action currently scheduled for May 6, 2019.

I. Factual Background

  Law enforcement officials became aware of Wood's criminal conduct while investigating allegations of sexual misconduct by individuals involved with the Louisville Metro Police Department (LMPD) Explorers Program. Wood met John Doe 1 through the program during a camp held in Bullitt County. At the time, John Doe 1 was over the age of 16, but under the age of 18. He was involved with the Explorers Program through another police department in the Commonwealth of Kentucky. Wood was over the age of 18, an LMPD Officer, counselor with the LMPD Explorers Program, and counselor at the camp.

  Between 2011 and 2012, while in Jefferson County, Kentucky, Wood used a facility and means of interstate commerce, that is, the Internet, to communicate with John Doe 1. The communications occurred after the camp had concluded. Wood communicated with John Doe 1 *via* Facebook and other social media. During the course of the online communications, Wood attempted to persuade, induce and entice John Doe 1 to engage in sexual activity for which a

person may be charged with a criminal offense. However, in-person sexual activity did not occur between the two until after John Doe 1 turned 18.

## II. Crime of Conviction

Wood pled guilty to a single-count felony Information. The Information charged him with attempted online enticement – in violation of 18 U.S.C. § 2422(b). Wood pled guilty to the charge *via* a Fed. R. Crim. P. 11(c)(1)(C) written Plea Agreement.

## III. Sentencing Guidelines calculations

The United States has no objection to the Guideline calculations set out in the presentence investigation report (PSR).

## IV. Criminal History

The United States concurs with the criminal history calculation as set out in the PSR.

## V. Statutory Factors

**A. Minimum and maximum penalties**

The mandatory minimum term of imprisonment required for the charge in the Information is 10 years. The maximum is life. The maximum potential fine is $250,000.00. And, the applicable term of Supervised Release is not less than five years and could be any number of years up to and including life.

**18 U.S.C. § 3553(a) factors**

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

Title 18, United States Code, section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

    . . .

(5) any pertinent policy statement--

    . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Wood stands convicted of a serious offense involving the sexual exploitation of a child. However, the Court must also consider the history and characteristics of the defendant. There are factors in Wood's personal history suggesting that a tempered approach to sentencing is warranted. Those factors are best addressed on a sealed record.

The sentence set out in the Plea Agreement reflects the seriousness of the offense, promotes respect for the law and provides just punishment. It serves as a deterrent to both Wood and others who may contemplate similar conduct. The combined sentence of imprisonment and lengthy post-release supervision protect the public from further crimes of the defendant. It also provides a meaningful period of time for sex offender treatment and other forms of treatment/training to meet Wood's specific needs. The sentence also does not run afoul of the

need to avoid sentencing disparities, in light of individualized sentencing. No requests for restitution have been received.

## CONCLUSION

For the reasons set forth more fully herein, and anticipated argument to the Court during the sentencing hearing, the United States respectfully requests the Court to accept the Plea Agreement and impose a sentence of five years' imprisonment, followed by a 20-year term of Supervised Release.

      Respectfully submitted,

      RUSSELL M. COLEMAN
      United States Attorney

      /s/ *Jo E. Lawless*
      Jo E. Lawless
      Assistant United States Attorney
      717 West Broadway
      Louisville, Kentucky 40202
      (502) 625-7065
      Fax (502) 582-5097

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent *via* the Court's ECF system to defense counsel on April 26, 2019.

      /s/ *Jo E. Lawless*
      Jo E. Lawless
      Assistant United States Attorney