UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:19-cr-08-DJH

BRANDON WOOD, Defendant.

\* \* \* \* \*

## ORDER

Defendant Brandon Wood has filed an emergency motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docket No. 36) As grounds for the motion, Wood states that he is currently incarcerated at FCI-Elkton, which is experiencing an outbreak of COVID-19, and that he has a long history of asthma, a condition that "makes him particularly vulnerable to serious or deadly consequences if infected" with the virus. (*Id.*, PageID # 127) He suggests that he be released to home confinement in accordance with Attorney General William Barr's recent guidance. (*See id.* at PageID # 127-28)

Section 3582(c) provides:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—

>   (i)   extraordinary and compelling reasons warrant such a reduction
>   . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Although Wood has arguably presented "extraordinary and compelling reasons" for a reduction of his sentence here, there is no indication that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf," or that thirty days have elapsed since "the receipt of such a request by the warden of the . . . facility" in which he is incarcerated.[1] *Id.*

The Bureau of Prisons website provides the following information regarding home confinement:

> Given the surge in positive cases at select sites and in response to the Attorney General's directives, the BOP has begun immediately reviewing all inmates who have COVID-19 risk factors, as described by the CDC, starting with the inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton and similarly-situated facilities to determine which inmates are suitable for home confinement.
>
> **Inmates do not need to apply to be considered for home confinement.** Case management staff are urgently reviewing all inmates to determine which ones meet the criteria established by the Attorney General. The Department has also increased resources to review and make appropriate determinations as soon as possible.
>
> While all inmates are being reviewed for suitability, any inmate who believes they are eligible may request to be referred to Home Confinement and provide a release plan to their Case Manager. The BOP may contact family members to gather needed information when making decisions concerning Home Confinement placement.

https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp (last visited Apr. 7, 2020). It thus appears that action by this Court will be unnecessary. In any event, the

---

[1] Wood's counsel states that he "has made this motion, according to the statute, directly to the Warden of Elkton. The motion has been filed via fax, email and US mail with no response, likely because of the emergency situation present in the prison." (D.N. 36, PageID # 128) The motion does not state the length of the period without response.

motion before the Court is premature given that Wood has not exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Wood's emergency motion for release (D.N. 36) is **DENIED** without prejudice. The Court will expedite any subsequent motion.

April 7, 2020

**David J. Hale, Judge**
**United States District Court**