UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                          PLAINTIFF

VS                                       CRIMINAL ACTION NO.: 3:19 CR-8-DJH

BRANDON WOOD                                                      DEFENDANT

BRANDON WOOD'S RENEWED MOTION FOR COMPASSIONATE RELEASE
PURSUANT TO 18 U.S.C. 3582(c)(1)(A)

1. The defendant was sentenced by this honorable court to 5 years and ten months on a single count of enticement. The victim was not physically injured during the offense and no weapons were involved. Prior to the offense he had no criminal history.

2. Mr. Wood is serving his sentence at FCI Elkton in Ohio. The Elkton institution is currently in the midst of a catastrophic outbreak of the coronavirus among both inmates and staff. The most current information available from the media at the time of this motion is that seven inmates have died, 23 inmates are in the hospital, 88 are in quarantine and 48 staff members have tested positive. These numbers are higher than they were at the time of the filing of the original motion and likely vastly underestimate the gravity of the situation given the shortage of testing kits available to the prison. Wood Reports that two days ago an additional seven inmates were put in quarantine and an inmate in his unit tested positive.

3. On April 5th, 2020, pursuant to the requirements of 18 U.S.C. 3582, Mr. Wood

filed a motion with the Bureau of Prisons, directly with the warden, requesting compassionate release. The motion was filed via fax, email and the US mail. (Attachment 1). On 4-7-2020 the undersigned received an email from Elkton stating that the institution was aware of the order from Attorney General Barr and was attempting to comply. (Attachment 2). No further response has been received and there has been no change in Mr. Wood's situation. Mr. Wood reports that he has not been isolated in any way from other inmates and has not received a test for COVID-19.

4. On April 6, 2020 the undersigned filed a motion in this court seeking compassionate release for Mr. Wood citing the conditions in the prison and the defendant's medical history that place him at high risk. In its order this honorable court noted that Mr. Wood appeared to present a case for extraordinary and compelling circumstances but denied the motion without prejudice as the defendant had not exhausted administrative remedies as required by the statute. As 30 days have now passed, administrative remedies available to the defendant have been exhausted pursuant to 18 U.S.C 3582(c)(1). Mr. Wood remains in the same position as when the motion was filed with the warden as conditions in the institution continue to deteriorate.

5. As stated in the original motion, Brandon Wood has a history of asthma. As an infant he was hospitalized three times for the condition. He required a nebulizer machine until he was four years old and utilized an inhaler as a young adult. This condition makes him particularly vulnerable to serious or deadly consequences if infected.

6. On April 13, 2020 the ACLU filed a class action habeas petition on behalf of certain inmates

at Elkton seeking their release due to the exigent circumstances at the prison. The petition details conditions and factors contributing to the crisis including lack of test kits, lack of sanitation supplies, inability to social distance, as well as the number of already infected inmates and staff. Also cited are a laundry list of experts that agree that prison populations are most susceptible to the virus once it is introduced into that setting. These experts include:

- Dr. Gregg Gonsalves, Yale School of Public Health
- Dr. Ross MacDonald, Chief Medical Officer for Correctional Health Services
- Dr. Marc Stern, University of Washington School of Public Health
- Dr. Oluwadamilola T. Oladeru, Harvard Radiation Oncology Program
- Dr. Homer Venters, Former New York Chief Medical Officer

7. At the peak of the outbreak in the originating city of Wuhan, China, over half of the new infection cases were from incarcerated individuals. (Zi Yang, COVID-19 in Chinese Prisons, The Diplomat, March 2020). On Rikers Island the rate of infected people is over eight times the rate of infection in New York City. (Legal Aid Society, Analysis of COVID-19 Infection Rate in NYC jails). Media reports indicate that Elkton, along with a facility in Louisiana, are the two leading prisons in the country for infection rate and death.

8. On April 22, 2020 U.S. District Judge James Gwin granted the ACLU Petition in part and denied it in part. His findings, conclusions and order give an excellent and compelling account of the situation in the prison and are attached. (Attachment 3). In it, Judge Gwin finds that "with the shockingly limited available testing and the inability to distance inmates, COVID-19 is going to continue to spread, not only among the inmate population but also among the staff" (p.3). He notes that "The number has risen even in the days since the initiation of the lawsuit and will

continue to do so absent intervention."(p.3). He goes on to say that "Furthermore, while the deteriorating health conditions at Elkton pose a danger for each of the 2,400 men who are incarcerated at Elkton, the institution's inability to stop the spread of the virus among inmates in its care poses an even greater risk for inmates whose medical conditions put them at higher risk of death if they contract the virus."(p.6).

In response to the Court's order in the above litigation Judge Gwin ordered the prison to produce a list of inmates who are "medically vulnerable" due to age or documented pre-existing conditions, Elkton officials turned over a list of 837 names. Despite his history, Wood's name does not appear on this list.

9. Pursuant to 18 U.S.C. 3582(c)(1)(A) this court has the authority and discretion to "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions…)" if it finds that "extraordinary or compelling reasons warrant such a reduction." The present imminent, dangerous and unforeseen situation is precisely the type of extraordinary and compelling set of circumstances that the statute envisions.

10. Mr. Wood fully accepts responsibility for his crime and has since the outset of these proceedings. The potential consequences of his continued incarceration under these circumstances are, however, nothing that was envisioned by any of the parties to this case.

11. For the above reasons the defendant respectfully requests that the court grant his Motion for Compassionate Release and convert the balance of his sentence to home confinement or detention with whatever conditions the Court and Probation and Parole deem appropriate.

Should the court grant his motion Mr. Wood would live with stable relatives in the community who have no criminal history as well as the willingness and the means to provide for him until he is able to obtain employment in the future.

                                        Respectfully submitted,

                                        /s/ Steve Schroering
                                        Steve Schroering
                                        Counsel for Brandon Wood
                                        1015 South Fourth Street
                                        Louisville, KY 40203
                                        (502) 648-9124
                                        steveschroeringlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy hereof was emailed this 6th day of May, 2020 to Hon. Jo.Lawless@usdoj.gov

                                        /s/ Steve Schroering