UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                          PLAINTIFF

VS                                                      CRIMINAL ACTION NO.: 3:19 CR-8-DJH

BRANDON WOOD                                                                      DEFENDANT

filed electronically
DEFENDANT'S REPLY TO UNITED STATES RESPONSE

Pursuant to 18 U.S.C. 3582(c)(1)(A) this Court has the jurisdiction and discretion to modify the defendant's sentence upon a showing of "clear and compelling reasons" once he has exhausted his administrative rights. The United States has conceded that Wood has exhausted his administrative remedies as evidenced by the copy of the letter from the warden. Despite the efforts taken by the Bureau of Prisons as listed in the United States' response, FCI Elkton has been unable to contain or slow the spread of the virus and its deadly consequences within the facility. At the date of the Government's response on May 14, 2020, the BOP website noted 74 positive inmates in the facility. On May 17, 2020 that number had jumped to 131. See https://bop.gov/coronavirus/. At the time of the defendant's initial motion in April there had been four deaths in the facility reported from the virus. The latest death toll is nine. Mr. Wood reports that more inmates are testing positive every day and that the latest positive results have come from the workers in the kitchen. He has still yet to be tested because of the woeful lack of

1

resources at the prison. As Judge Gwin noted in his order of April 22, 2020, previously provided to this Court, "The number has risen even in the days since the initiation of this lawsuit and will continue to do so without intervention...Notably, it is unlikely that these figures represent the actual number of cases at the institution, given the paltry number of tests the federal government has made available…the institution's inability to stop the spread of the virus among inmates in its care poses an even greater risk for inmates whose medical conditions put them at higher risk of death if they contract the virus". (p.3-6).

The United States argues that Wood has not shown that he would have a greater risk of contracting the disease than he would have if released. The CDC has stated in its coronavirus guidelines that "incarcerated/detained persons live, work, eat, study and recreate within confined environments, heightening the potential for COVID-19 to spread once introduced". It goes on to note that options to isolate and resources are limited in these institutions making the populations more vulnerable. This is consistent with the experts and studies cited by the defendant in his original motion, noting that infection rates among infected institutions are shockingly higher than those in the cities in which they are based. As noted throughout these pleadings, the coronavirus has been introduced into FCI Elkton and that institution, despite continuously changing data, consistently ranks as among the most infected institutions in the nation.

Brandon Wood has a history of asthma, details of which were provided previously to the court in an affidavit from his mother. The United States argues that "Wood's speculation that prior issues with asthma will place him at a higher risk of contracting COVID-19 is just that -

speculation". The CDC has advised that individuals over the age of 65, with a history of heart disease, asthma or autoimmune deficiencies are "at higher risk for severe illness" if they contract the virus.  People in these categories comprise a vast majority of the deaths associated with the virus. The defendant is not speculating that he is more likely to be exposed to the virus due to his medical history - the increased risk of exposure comes from his incarceration at an infected facility.  The history of asthma makes him at greater risk of death or serious illness if infected.

This medical condition under this set of circumstances certainly qualifies as "extraordinary and compelling circumstances" for purposes of the statute.  A global pandemic that is especially dangerous to those with certain pre-existing conditions could not have been specifically envisioned by U.S.S.G. 1B1.13.

The United States further asserts that the Bureau of Prisons is best positioned to determine the proper treatment of the inmate population as a whole, and that for this reason the court should defer to their responsive letter denying Wood's request.  The defendant respectfully disagrees.

The Bureau of Prisons in general, and FCI in particular, are attempting to respond to a catastrophic situation involving overwhelming numbers in a short period of time with limited resources.  There is no way to imagine or expect them to be able to thoroughly vet and make potentially life or death decisions regarding thousands of inmates perfectly under these circumstances.

This Court is in the best position to make a fully informed decision based on the available evidence specific to Mr. Wood.

Turning to the factors set out in 18 U.S.C. 3553(a), the defendant had no prior criminal history prior to this offense.  The offense did not involve the use of a firearm or injury to the victim.  He complied with all orders of the court during the pendency of the proceedings and accepted responsibility for his actions.  He has been deterred by obtaining a felony conviction, losing his career, public humiliation, loss of long term friendships and serving time in prison.  If this motion is granted he would be subject to additional home detention/confinement along with conditions from the Court that would certainly include completion of sex offender treatment, supervision by probation and parole, limitation of access to electronic devices and others.  He would reside with stable and loving family members that are willing and able to house him. Under these circumstances Mr. Wood is not a danger to the community.

The defendant agrees with the line of cases cited by the United States stating that "The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release".  That is not the case before the Court. In our situation, the prison in which Mr. Wood is housed has been badly infected with the virus and, despite the best efforts of the facility, it continues to spread with deadly consequences. Further endangering Mr. Wood is his pre-existing health condition which has been noted by the CDC as one of the leading risk factors for those who are infected.  None of these things are results of actions, or under the control of, the Court, the United States or Mr. Wood.  They are factors, however, that combine to create extraordinary and compelling reasons that allow action by the court pursuant to 18 U.S.C. 3582(c)(1)(A).

For the following reasons, the defendant respectfully requests that his motion be granted.

                                                Respectfully submitted,

                                                /s/ Steve Schroering
                                                Steve Schroering
                                                Counsel for Brandon Wood
                                                1015 South Fourth Street
                                                Louisville, KY 40203
                                                (502) 648-9124
                                                steveschroeringlaw@gmail.com

                                        CERTIFICATE OF SERVICE

I hereby certify that a copy hereof was emailed this 17th day of May, 2020 to Hon. Jo.Lawless@usdoj.gov

                                                /s/  Steve Schroering