UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Plaintiff, |
| v. | Criminal Action No. 3:19-cr-08-DJH |
| BRANDON WOOD, | Defendant. |

\* \* \* \* \*

### ORDER

Defendant Brandon Wood has renewed his motion for compassionate release to home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docket No. 38) As grounds for the motion, Wood states that he is currently incarcerated at FCI Elkton, which is experiencing a "catastrophic outbreak" of COVID-19 (*id.*, PageID # 132), and that his history of asthma puts him at serious risk if he were to be infected with the virus. (*Id.*, PageID # 133) Wood has now exhausted his administrative remedies as required by § 3582(c)(1)(A). (*See id.*; D.N. 37 (denying initial motion without prejudice for failure to exhaust))

The United States opposes Wood's motion, arguing that Wood has not demonstrated the necessary "compelling reasons" and that the factors listed in 18 U.S.C. § 3553(a) do not justify release. (D.N. 42) Although the government's response mischaracterizes—and thus does not adequately address—the basis of Wood's request (*see id.*, PageID # 174-77), the Court agrees that the § 3553(a) factors preclude release in this case. *See* § 3582(c)(1)(A) (requiring the Court to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable"). First, "the nature and circumstances of the offense" are disturbing: Wood attempted to entice a minor into engaging in sexual activity (D.N. 8; *see* D.N. 1); at the time, Wood held a position of authority over the victim. (D.N. 14, PageID # 42-43) A substantial sentence was therefore

1

necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; "to protect the public from further crimes of the defendant"; and "to provide the defendant with needed . . . correctional treatment"—sex-offender counseling—"in the most effective manner." § 3553(a)(2). Wood was sentenced to seventy months of imprisonment, a substantial sentence that nevertheless represented a significant downward departure from the ten-year mandatory minimum. (D.N. 33; *see* D.N. 14, PageID # 47)  He has served less than one year of that sentence. (*See* D.N. 40-1)  Under these circumstances, the § 3553(a) factors do not support release. Moreover, Attorney General William P. Barr has stated that "sex offenses[] will render an inmate ineligible for home detention" during the COVID-19 pandemic.[1] Memorandum for Director of Bureau of Prisons Re: Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic, Office of the Attorney General (Mar. 26, 2020), https://www.justice.gov/file/1262731/download. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Wood's renewed motion for compassionate release (D.N. 38) is **DENIED**.

---

[1] The Attorney General's memo was cited in the May 19, 2020 Order by Judge James S. Gwin attached to Wood's reply. (*See* D.N. 45-1, PageID # 196)