UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:19-cr-08-DJH

BRANDON WOOD,     Defendant.

\* \* \* \* \*

## ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Upon motion of the defendant for reconsideration of the Court's Order denying a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), the Court will deny the motion for the reasons explained below.

**I.**

Defendant Brandon Wood pleaded guilty on January 28, 2019, to one count of attempted enticement of a minor. (Docket No. 8; D.N. 31; *see* D.N. 1) The Court sentenced Wood to 70 months of imprisonment. (D.N. 33, PageID # 116) Wood moved for compassionate release, arguing that as an inmate with an underlying medical condition, he is at increased risk of COVID-19 complications. (D.N. 38; *see* D.N. 36) The Court denied his motion and determined that the applicable § 3553(a) factors did not support Wood's release. (D.N. 46) Wood now moves *pro se* for reconsideration of the Court's Order, asserting that the COVID-19 pandemic continues to pose an increased risk to his health. (D.N. 48) After careful consideration, the Court will deny the motion.

**II.**

A court considering the merits of a compassionate-release motion must first determine whether "extraordinary and compelling" circumstances warrant a sentence reduction.

1

§ 3582(c)(1)(A)(i); *see United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021). Second, the court must find whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(ii); *see Traylor*, 16 F.4th at 487. Third, the court considers whether any applicable § 3553(a) factors support a reduction. § 3582(c)(1)(A); *see Traylor*, 16 F.4th at 487. "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020); *see Traylor*, 16 F.4th at 487.

**A.    Extraordinary and Compelling Circumstances**

Wood argues that his risk of COVID-19 complications due to his asthma supports a sentence reduction. (D.N. 48, PageID # 207–08) But "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see Traylor*, 16 F.4th at 487. Wood has received two doses of the COVID-19 vaccine (*see* D.N. 48, PageID # 208) and has access to the COVID-19 booster vaccine. *See* Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last updated Apr. 22, 2022). He therefore has not demonstrated an "extraordinary and compelling reason" for a sentence reduction. *See United States v. Beigali*, No. 21-2917, 2022 WL 710213, at *3 (6th Cir. Mar. 9, 2022) (finding that "the availability of the [COVID-19] vaccine (and [movant's] subsequent vaccination) make compassionate release unavailable to [movant] on that ground"); *Traylor*, 16 F.4th at 487 (affirming denial of sentence reduction when defendant argued that her underlying health conditions and the coronavirus pandemic warranted compassionate release).

2

### B.     Section 3553(a) Sentencing Factors

Even assuming that Wood's circumstances constitute an extraordinary and compelling reason for compassionate release, he must also demonstrate that the § 3553(a) factors support granting his motion. *See United States v. Kimball*, 988 F.3d 945, 946–47 (6th Cir. 2021) ("[The Sixth Circuit has] repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."). Pursuant to § 3553(a), courts must consider

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];
> (5) any pertinent policy statement . . . by the Sentencing Commission;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The "nature and circumstances" of Wood's offense are serious: he pleaded guilty to attempted enticement of a minor and was sentenced to 70 months of imprisonment, a downward departure from the statutory mandatory minimum of 120 months. (D.N. 8; D.N. 14, PageID # 47; D.N. 33, PageID # 116; *see* D.N. 35) The Court concludes that releasing Wood 22 months early[1] would not properly "reflect the seriousness of the offense," "promote respect for the law," or

---

[1] The Court bases this calculation on Wood's projected release date of February 13, 2024. *See* Federal Bureau of Prisons, *Find an inmate*, https://www.bop.gov/inmateloc/.

"provide just punishment" for his conduct. 18 U.S.C. § 3553(a)(2)(A). Under these circumstances, the § 3553(a) factors do not support early release.

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the motion for reconsideration (D.N. 48) is **DENIED**.

April 25, 2022

David J. Hale, Judge
United States District Court